NO. 07-07-0489-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 17, 2008
_____

In the Interest of R.L.M., B.M.M., C.M., J.N.M., J.A., T.T. and J.J.R.
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,950; HON. KEVIN HART, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Juaquin Martinez a/k/a Juaquin Martinez, Jr., appeals an order terminating his parental rights to four of his children, B.M.M., C.M., J.N.M., and J.J.R. In doing so, he challenges the legal and factual sufficiency of the evidence to support the finding that termination of those rights is in the best interest of the children.

*Applicable Law*

The applicable standards of review are discussed in *In re J.F.C.,* 96 S.W.3d 256, 266-67 (Tex. 2002) and *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002). We refer the parties to those cases.

Next, in making our review, consideration of various indicia which have become known as the *Holley* factors is useful. Those factors include 1) the desires of the children,

2) the emotional and physical needs of the children now and in the future, 3) the emotional and physical danger to the children now and in the future, 4) the parental abilities of the individuals seeking custody, 5) the programs available to assist those individuals to promote the best interest of the children, 6) the plans for the children by those individuals seeking custody, 7) the stability of the home, 8) the acts or omissions of the parent indicating that the existing parent/child relationship is not a proper one, and 9) any excuse for the acts or omissions of the parent. *In re P.E.W.,* 105 S.W.3d 771, 779-80 (Tex. App.– Amarillo 2003, no pet.). Moreover, it is not necessary to show that each factor favors termination, *id.* at 780, and the list is not exhaustive. *In re C.J.F.,* 134 S.W.3d 343, 354 (Tex. App.–Amarillo 2003, pet. denied). There must simply be enough evidence from which the factfinder can reasonably form a firm belief or conviction that the child's best interest justifies termination. *In re P.E.W.,* 105 S.W.3d at 780.

*Application of the Law to the Record*

Before the court was the following evidence: 1) appellant had been incarcerated for burglary of a habitation during the entire time his children had been in foster care and had been unable to support them, 2) appellant was originally placed on probation for that offense but had his probation revoked for multiple violations including testing positive for cocaine on multiple occasions, drinking beer and registering above the legal limit on a portable breath device, failing to report, failing to maintain stable employment, failing to attend AA and complete a substance abuse assessment, failing to complete an anger management program, and failing to complete an alcohol offender's program, 3) prior to having his probation revoked, appellant was placed in a community corrections facility for

2

one year for probation violations, 4) appellant violated his probation by drinking and using cocaine because he didn't think he would be sent to the penitentiary and he didn't think about what might happen to his children if he was sent to prison, 5) appellant had previously been convicted of evading arrest or detention and securing documents by deception and charged with the offense of terroristic threat, 6) appellant had used cocaine since he was eighteen and admitted "you are not thinking" when one uses cocaine, 7) when he was incarcerated, appellant left his children with his wife, who was unemployed, and his father knowing that both of them had used cocaine and that during the course of his marriage, his wife would periodically leave the home without notice and be gone for weeks or years during which time she had children by other men and used drugs, 8) appellant has twice been denied parole and may not be released from incarceration until September 2009, 9) appellant had an altercation with his wife in which the police were called and appellant admitted he kicked the door and punched the wall although he denied hitting his wife with an object, 10) appellant's father tested positive for cocaine when the children were placed with him by the State, 11) appellant's mother did not pass a home study test for placement of the children with her, 12) appellant's older daughter (not the subject of this proceeding) moved in with her boyfriend at the age of fourteen or fifteen, 13) the maternal grandmother passed a home study for placement of the children with her on the condition that she and her boyfriend obtain counseling, and she is willing to consider adoption, 14) two of the children expressed their desire to remain together and stay on a long-term basis with their maternal grandmother, 15) the children were behind in school due to their unstable lifestyle in the past but have made improvements while in foster care,

3

and 16) financial programs would be available to the maternal grandmother for the benefit of the children if she adopted the children.

Appellant does not challenge the statutory grounds for termination found by the trial court. Per those findings, the court determined that appellant 1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, 2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children, and 3) knowingly engaged in criminal conduct that resulted in his conviction of an offense and imprisonment and inability to care for the children for not less than two years from the date of filing the petition by the State. Evidence supporting the existence of those statutory grounds may be used to support a finding that the best interest of the children warrants termination of the parent/child relationship. *In re C.H.,* 89 S.W.3d at 28; *In re P.E.W.,* 105 S.W.3d at 771. Given the lack of a challenge to the statutory grounds justifying termination and the evidence recited above, the trial court could have formed a firm belief or conviction that termination of appellant's rights was in the best interests of the children. *In re T.A.A.V.,* No. 07-07-0034-CV, 2007 Tex. App. LEXIS 7350 at *8 (Tex. App.–Amarillo September 6, 2007, no pet.).

Admittedly, appellant had written letters to his children regularly while incarcerated and completed some parenting education in prison. The children also expressed a desire for their father's rights not to be terminated. Yet, the court found that it was important that the children stay together and at least have the possibility of adoption by their maternal grandmother. Moreover, appellant had the opportunity to foster his parental relationship with his children but opted to engage in criminal activity and other conduct detrimental to

4

that relationship.  And, a factfinder is entitled to view past conduct as indicative of future conduct.  *Williams v. Williams,* 150 S.W.3d 436, 451 (Tex. App.–Austin 2004, pet. denied). So upon considering the entire record, we cannot say that a rationale fact finder could not develop a firm conviction and belief that termination of the parental relationship was in the best interest of the children.

Because the evidence of record is both legally and factually sufficient to support the court's decision, we overrule appellant's issue and affirm the judgment.


Brian Quinn
Chief Justice